**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JOSEPH COPPOLA,**

    **Plaintiff,**

**v.**                                  **CIVIL ACTION NO. 1:17CV6**
                                                     **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 56]**

**I.**

On January 13, 2017, the pro se plaintiff, Joseph Coppola ("Coppola"), initiated this action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. ("FTCA")(Dkt. No. 1). Coppola is a former federal prisoner, who, at the relevant time, was incarcerated at USP Hazelton. In his complaint, Coppola alleges that certain Bureau of Prisons officers ("Officers") subjected him to "35 hours of torture via restraints used in a malicious and sadistic way to cause pain and suffering" during an incident spanning from the afternoon of February 13, 2015, to the evening of February 14, 2015. Id. at 6. Liberally construed, he asserts claims for assault and battery, failure to investigate, excessive force, deliberate indifference to medical needs, interference with access to the courts, and conspiracy to falsify records. Id. at 6-7. For relief, he seeks $8,250,000.00 in damages. Id. at 9.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 56]**

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the complaint to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review and a report and recommendation. Thereafter, the defendant moved to dismiss Coppola's complaint or, in the alternative, for summary judgment (Dkt. Nos. 30; 31). Following an extension of time in which to do so, Coppola filed a response in opposition to the defendant's motion (Dkt. Nos. 47; 48).

## II.

A Report and Recommendation ("R&R") entered by Magistrate Judge Aloi recommended that the Court grant the defendant's motion and dismiss Coppola's FTCA claims with prejudice (Dkt. No. 56). The R&R first recommended that the Court find that the "discretionary function" exception to the FTCA requires dismissal of Coppola's claims for assault and battery. The discretionary function exception provides that the United States is not liable for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The R&R concluded that, while 18 U.S.C. § 4042 provides that the BOP has a duty to provide for the discipline of its inmates, it does

not specifically set forth the manner in which that goal is to be carried out and, instead, permits officers to act with a substantial amount of discretion. Id. at 16, 35 (citing Calderon v. United States, 123 F.3d 947, 950 (7th Cir. 1997) (stating that "while it is true that [section 4042] sets forth a mandatory duty of care, it does not . . . direct the manner by which the BOP must fulfill this duty[ ]"). Accordingly, the R&R further concluded that the Officers' actions in disciplining Coppola were not mandated by any statute, regulation, or policy, and that the Officers were permitted to exercise a considerable amount of discretion when disciplining him for the violation of prison rules. Id. at 15-16, 34-35 (citing United States v. Gaubert, 499 U.S. 315, 324 (1991); Berkovitz by Berkovitz v. United States, 486 U.S. 531, 536 (1988)).

Then, after carefully examining all of the evidence in the record, the R&R concluded that, under the circumstances, the Officers' decision to use force against Coppola was an appropriate exercise of their discretionary function to discipline inmates, particularly in light of Coppola's violent and disruptive behavior. Id. at 18-36 (thoroughly reviewing the available incident reports, medical records, sworn declarations, and video evidence regarding the incident, and summarizing Coppola's non-compliant behavior in, among other actions, refusing to obey a direct order, assaulting

another inmate, attacking a staff member, and destroying his "black box" restraints and cell door window). It further concluded that Coppola has failed to present any credible evidence to the contrary, and that his version of the events is blatantly contradicted by the record in the case. Id. at 34. Thus, the R&R concluded that Coppola is unable to overcome the FTCA's discretionary function hurdle, and, therefore, his claims for assault and battery must be dismissed for lack of subject matter jurisdiction. Id. at 36; see also Medina v. United States, 259 F.3d 220, 225 (4th Cir. 2001).

Citing the same evidence considered in its evaluation of Coppola's assault and battery claims, the R&R next concluded that his corollary claim regarding the defendant's purported failure to properly investigate the alleged assault and battery is similarly unsupported by the record and should also be dismissed under the discretionary function exception. Id. at 39. The R&R further concluded that Coppola has failed to sufficiently plead a claim for interference with access to the courts based on the defendant's alleged interference with his ability to send mail; it also observed that any such claim was belied by the fact that Coppola was able to timely file both his administrative tort claim and his complaint in this case. Id. at 36-37.

Next, the R&R concluded that Coppola's excessive force and deliberate indifference claims, as well as his allegations regarding the conditions of his confinement, constitute constitutional torts not cognizable under the FTCA. Id. at 38-39. Finally, it concluded that, to the extent Coppola seeks to challenge his disciplinary record and loss of good time credit as part of an alleged conspiracy to falsify his BOP records, such a challenge must be brought in a habeas corpus action. Id. at 39-40.[1]

The R&R also informed Coppola of his right to file "written objections identifying those portions of the recommendation to which objection is made and the basis for such objection." It further warned him that the failure to do so may result in waiver of his right to appeal. Id. at 43. To date, Coppola has not filed any objections to the R&R.[2]

---

[1] The R&R also noted that Coppola has previously filed a 28 U.S.C. § 2241 petition relating to the purported loss of this same good time credit. Id. at 40.

[2] Pursuant to the Notice of General Guidelines for Appearing Pro Se in Federal Courts issued to Coppola on January 13, 2017 and received by him on January 18, 2017 (Dkt. Nos. 5; 6), a pro se litigant is responsible for "keep[ing] the Court and opposing counsel, if any, advised of [his] most current address **at all times**" (Dkt. No. 5 at 1)(emphasis in original). The Notice further advised Coppola that the "[f]ailure to do so may result in [his] action being dismissed without prejudice." Id. Despite this explicit directive, a copy of the R&R sent via certified mail to Coppola's last known address was returned as undeliverable, "attempted – not known," and "unable to forward." See Dkt. Nos. 55; 61.

### III.

When reviewing a magistrate judge's R&R, the Court must review <u>de novo</u> only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." <u>Dellacirprete v. Gutierrez</u>, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983)).

Because no party has objected, the Court is under no obligation to conduct a <u>de novo</u> review. <u>Dellacirprete</u>, 479 F.Supp. 2d at 603-04. Consequently, having carefully reviewed the record and the R&R, and finding no clear error, the Court:

1) **ADOPTS** the R&R (Dkt. No. 56);

2) **GRANTS** the defendant's motion to dismiss or, in the alternative, motion for summary judgment (Dkt. No. 30);

3) **DENIES as MOOT** Coppola's motion for renewal of outside medical exam (Dkt. No. 38), motion for <u>nunc pro tunc</u> order for just cause or, in the alternative, motion for a stay pending release from prison (Dkt. No. 41), and motion for leave to open discovery and for order to answer plaintiff's first set of interrogatories (Dkt. No. 49);

4) **DENIES** as futile Coppola's motion to amend the complaint (Dkt. No. 50);

5) **DISMISSES** Coppola's FTCA claims **WITH PREJUDICE** (Dkt. No. 1); and

6) **ORDERS** that this case be **STRICKEN** from the Court's active docket.

It is so **ORDERED**.

The Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

DATED: August 16, 2018

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE